UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CIV-14147-RAR

**TOMMY L. RANDOLPH**,

    Petitioner,

v.

**STATE OF FLORIDA**,

    Respondent.
_____/

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court upon a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, in which the Petitioner, Tommy Randolph, attacks the constitutionality of a criminal judgment entered in the Nineteenth Judicial Circuit Court in and for St. Lucie County, Florida, Case No. 1978CF000305A. *See* Petition [ECF No. 1] ("Pet."). The Court found that Petitioner had previously filed a § 2254 petition in this Court, which was denied on January 16, 1992. *See* Order Denying Petition, *Randolph v. Martinez*, No. 91-CV-00197-DLG (S.D. Fla. Jan. 16, 1992) [ECF No. 26]. Since it appeared that the instant Petition could be an unauthorized second or successive petition, the Court directed a Limited Order to Show Cause at Respondent to determine "whether the instant Petition is challenging the same judgment and sentence as Petitioner's earlier filed habeas petition." Limited Order to Show Cause [ECF No. 3] at 1. Respondent has filed a Response to the Limited Order to Show Cause, [ECF No. 6], as well an appendix to that Response, [ECF No. 7]. With the benefit of the Respondent's thorough and detailed Response, the Court now concludes that the Petition must be **DISMISSED** as successive.

## **PROCEDURAL BACKGROUND**

Tommy Lee Randolph is currently serving a life sentence in the Florida Department of Corrections for first degree murder (Count 1) and attempted robbery (Count 2). The Florida Supreme Court summarized the relevant facts as such:

> This case involves the shooting death of Joseph Chesser, III, during the early morning hours of February 24, 1978. The state's chief witness was Althea Glinton, a co-defendant, who was allowed to plead no contest to second-degree murder in exchange for her testimony. She was awaiting sentence at the time of trial.
>
> [. . .]
>
> Glinton was Randolph's girlfriend and a prostitute. She turned over the money which she made from her work to Randolph. On the night of the homicide, he wanted Glinton to turn one more trick before she went home. Glinton then saw the victim, one of her regular customers, and solicited him. She got into the victim's truck and they pulled up in front of a rooming house. When Glinton and the victim had finished, and Glinton was leaving the truck, Randolph showed up and pushed Glinton away. Glinton then ran into a nearby boarding house because she was scared. She overheard Randolph tell the victim not to try anything and Randolph wouldn't shoot. Glinton then heard two gunshots.

*Randolph v. State*, 463 So. 2d 186, 188 (Fla. 1984). The state trial court ultimately sentenced Plaintiff to death. *Id.*; *see also* Original State Court Judgment [ECF No. 7-1] at 15–16. On direct appeal, the Florida Supreme Court affirmed Plaintiff's convictions, but "remand[ed] this case to the trial judge with instructions to resentence Randolph." *Randolph*, 463 So. 2d at 194. On April 30, 1986, the state trial court resentenced Plaintiff to a life sentence, with a mandatory minimum of twenty-five years, on Count 1 and a fifteen-year sentence on Count 2. Second State Court Judgment [ECF No. 7-1] at 33–35.

On January 28, 1991, the Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court in Case No. 91-CIV-00197-DLG. *See* Petition, *Randolph v.*

*Martinez*, No. 91-CV-00197-DLG (S.D. Fla. Jan. 28, 1992) [ECF No. 1]. In her Report and Recommendation, Magistrate Judge Charlene H. Sorrentino recommended that the Petition be denied. Report and Recommendation, *Randolph v. Martinez*, No. 91-CV-00197-DLG (S.D. Fla. Nov. 19, 1991) [ECF No. 20] at 13 ("For the foregoing reasons, it is the recommendation of the undersigned that this petition for writ of habeas corpus and the petitioner's motion for partial summary judgment be denied."). The district court agreed and adopted the entirety of Judge Sorrentino's Report and Recommendation. *See* Order Denying Petition, *Randolph v. Martinez*, No. 91-CV-00197-DLG (S.D. Fla. Jan. 16, 1992) [ECF No. 26].

There is a gap in the state trial court docket from approximately October 23, 1988, until February 19, 2004. *See generally* Pre-1988 State Court Docket [ECF No. 7-1] at 2–8; Modern State Court Docket [ECF No. 7-1] at 10–13. On February 19, 2004, Petitioner filed a "Motion to Correct Sentence" pursuant to Florida Rule of Criminal Procedure 3.800(a). *See* Motion to Correct Sentence [ECF No. 7-1] at 128–29. In denying this motion, the state postconviction court recounted the procedural history of Petitioner's case and noted that Petitioner's sentence had remained the same since his resentencing on April 30, 1986. Order Denying Motion to Correct Illegal Sentence [ECF No. 7-1] at 133 ("On April 30, 1986, the trial court resentenced the Defendant to life in prison on Count I with a mandatory minimum of 25 years, and *sua sponte* resentenced the Defendant on Count II to a consecutive 15 year sentence."); *see also* Initial Brief [ECF No. 7-1] at 149 (emphasizing that the sentence being challenged was the one imposed on April 30, 1986). Petitioner appealed the denial of this motion to the Fourth District Court of Appeal ("Fourth DCA"), but the state appellate court affirmed the denial in an unwritten opinion on December 28, 2005. *See Randolph v. State*, 918 So. 2d 306 (Fla. 4th DCA 2005).

Petitioner then filed a Florida Rule of Criminal Procedure 3.850 "Motion for Postconviction Relief" on June 26, 2007, which, again, challenged the same conviction and sentence which had been imposed in 1986. *See* Motion for Postconviction Relief [ECF No. 7-1] at 186 ("Defendant filed a Motion to Correct an Illegal Sentence and asserted to the court that Judge Rupert Smith did not sentence Defendant in accordance with the remand from the Florida Supreme Court."). This motion was again denied by the state postconviction court, *see* Order Denying Post Conviction Relief [ECF No. 7-1] at 197–205, and subsequently affirmed by the Fourth DCA in an unwritten opinion on September 28, 2011, *see Randolph v. State*, 71 So. 3d 128 (Fla. 4th DCA 2011). Every other postconviction motion filed by Petitioner in state court acknowledges that he is currently serving the exact same life sentence that he received on April 30, 1986. *See* Second Motion to Correct Illegal Sentence [ECF No. 7-1] at 221 ("On April 30, 1986, upon remand for resentencing, the defendant was sentenced by Judge Rupert J. Smith to life with a twenty-five (25) year minimum-mandatory[.]"); Motion for Clarification [ECF No. 7-2] at 3 ("Subsequently, on April 30, 1986, approximately two years after the [Florida] Supreme Court's ruling in the Defendant's case, [Judge Smith] resentenced the Defendant.").

## **ANALYSIS**

"Before a prisoner may file a second or successive habeas petition [in the district court], [he] first must obtain an order from the court of appeals authorizing the district court to consider the petition [pursuant to] 28 U.S.C. § 2244(b)(3)(A)." *Thomas v. Sec'y, Fla. Dep't of Corr.*, 737 F. App'x 984, 985 (11th Cir. 2018). "Absent such an order, the district court lacks jurisdiction to consider a second or successive habeas petition." *Id.*; *see also Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before

filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Once a petitioner files a § 2254 petition that is adjudicated on the merits he or she is generally barred from filing a subsequent petition pursuant to § 2244(b). *See Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) ("In the usual case, a petition filed second in time and not otherwise permitted by the terms of § 2244 will not survive AEDPA's 'second or successive' bar."). To be sure, "[t]he [Supreme] Court has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application." *Id.* at 944. So, if the Petitioner could satisfy one of the well-established exceptions to the proscription against "second or successive" petitions, then the Court might have authority to consider it.

For example, where a "resentencing [leads] to a new judgment, [a subsequent § 2254 petition] challenging that new judgment cannot be 'second or successive' such that § 2244(b) would apply." *Magwood v. Patterson*, 561 U.S. 320, 331 (2010). Likewise, "when [a subsequent § 2254] petition is the first to challenge a new judgment, it is not 'second or successive,' regardless of whether its claims challenge the sentence or the underlying conviction." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014). A judgment "is comprised of both the sentence and the conviction," so "not every action that alters a sentence necessarily constitutes a new judgment for the purposes of § 2244." *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1265 (11th Cir. 2020) (quoting *Insignares*, 755 F.3d at 1281). Instead, a judgment is only considered to be "new" when the sentencing court replaces an earlier judgment authorizing the petitioner's confinement. *See Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326–27 (11th Cir. 2017) (en banc) ("The relevant question is not the magnitude of the change [to the

sentence], but [rather] the issuance of a new judgment *authorizing* the prisoner's confinement.") (emphasis in original).[1]

The record here shows that there have only been two judgments which "authoriz[ed] [Petitioner's] confinement." *Id.* at 1325.  The first judgment was issued by the state trial court on July 14, 1978, when it imposed the death penalty on Count 1 and a fifteen (15) year sentence on Count 2.  *See* Original State Court Judgment [ECF No. 7-1] at 15–16.  The Florida Supreme Court ultimately vacated this sentence and "remand[ed] this case to the trial judge with instructions to resentence Randolph[.]"  *Randolph*, 463 So. 2d at 194.  With these instructions, the trial court imposed a <u>new judgment</u> with a <u>new sentence</u> on April 30, 1986: life imprisonment—with a minimum mandatory of twenty-five (25) years—on Count 1 and the same fifteen (15) year sentence on Count 2.  *See* Second State Court Judgment [ECF No. 7-1] at 33–35.  It is beyond dispute that Petitioner's current incarceration is authorized by the same 1986 judgment and that no changes to his sentence or judgment have been made since April 30, 1986.  *See, e.g.*, Order Denying Motion to Correct Illegal Sentence [ECF No. 7-1] at 133 ("On April 30, 1986, the trial court resentenced the Defendant to life in prison on Count I with a mandatory minimum of 25 years, and *sua sponte* resentenced the Defendant on Count II to a consecutive 15 year sentence."); Second Motion to Correct Illegal Sentence [ECF No. 7-1] at 221 ("On April 30, 1986, upon remand

---

[1] The Eleventh Circuit has recognized at least two other exceptions to the "second or successive" rule. First, a "vacatur-based claim [that] did not exist until after the proceedings on [the] initial § [2254 petition] concluded[]" is not, technically speaking, "second or successive."  *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014).  Second, if a claim only ripens after the conclusion of both the petitioner's direct *and* collateral reviews, the claim might not be "second or successive." *See Scott v. United States*, 890 F.3d 1239, 1256 (11th Cir. 2018).  Neither of these exceptions could possibly apply to this case, as Petitioner's sole claim relies on the Supreme Court's decision in *Batson v. Kentucky*, 476 U.S. 79 (1986)—which was decided years before Randolph's first § 2254 petition was filed.  *See* Mem. of Law [ECF No. 1-1] at 8 ("Randolph's state court conviction is the direct result of an illegally empaneled racially biased jury—in violation of the U.S. Supreme Court ruling in *Batson*." (cleaned up)).

for resentencing, the defendant was sentenced by Judge Rupert J. Smith to life with a twenty-five (25) year minimum-mandatory[.]").

With this in mind, the Court concludes that the instant Petition is clearly successive. The instant Petition challenges the same state court judgment and sentence, imposed on April 30, 1986, which Petitioner previously attacked in a § 2254 petition filed on January 28, 1991. *See* Petition, *Randolph v. Martinez*, No. 91-CV-00197-DLG (S.D. Fla. Jan. 28, 1992) [ECF No. 1] at 16 ("[P]etitioner's sentence was reduced from death to a mandatory, minimum 25 years. Petitioner's sentence remains the same to date.").[2] Thus, Petitioner is not entitled to a new round of habeas review since he did not obtain "a new judgment intervening between [his] two habeas petitions." *Magwood*, 561 U.S. at 339. Because the Petition is successive, this Court lacks jurisdiction to consider the contents therein since the Eleventh Circuit Court of Appeals must first grant Petitioner an application to file a second or successive petition. *See Osbourne*, 968 F.3d at 1264 ("Absent authorization from [the court of appeals], the district court lacks jurisdiction to consider a second or successive habeas petition."); *accord* 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court must dismiss the Petition as an unauthorized second or successive petition.

## CONCLUSION

Having carefully reviewed the record and governing law, it is

**ORDERED AND ADJUDGED** that the Motion [ECF No. 1] is hereby **DISMISSED** for lack of subject-matter jurisdiction. Any pending motions are **DENIED as moot**. Further, any

---

[2] This 1991 petition was filed prior to the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") which "substantially curtail[ed] second or successive applications for a writ of habeas corpus attacking the judgment of a state court." *In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997), *overruled on other grounds by Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998). Even so, AEDPA's second or successive provisions apply "to cases in which the first application had been filed years before AEDPA's effective date." *Id*.

demands for an evidentiary hearing are **DENIED**, and a certificate of appealability shall **NOT ISSUE**.[3]  This case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 27th day of May, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   Tommy L. Randolph
      DC # 042163
      Hardee Correctional Institution
      Inmate Mail/Parcels
      6901 State Road 62
      Bowling Green, FL 33834
      PRO SE

      Jeanine Marie Germanowicz
      Office of the Attorney General
      1515 North Flagler Drive
      Suite 900
      West Palm Beach, FL 33401
      Email: CrimAppWPB@MyFloridaLegal.com

---

[3] Because the Court "lack[s] subject matter jurisdiction to consider the [instant] successive [motion], [the Court may] not issue a [certificate of appealability]." *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (citation omitted); *see also Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) ("[A] certificate is unnecessary to permit us to review the district court's order of dismissal [for lack of jurisdiction].").